

RECEIVED
SEP 25 2018
AT 8:30 _____ M
WILLIAM T. WALSH

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Crim. No. 18- 585 (MAS) |
| | : |
| VICTOR SANTOS, | : 18 U.S.C. § 1349 |
|    a/k/a "Vitor Santos," | : 18 U.S.C. § 1344 |
| ARSENIO SANTOS, | : 18 U.S.C. § 1014 |
|    a/k/a "Gaspar Santos," and | : 18 U.S.C. § 2 |
| FAUSTO SIMOES | : |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNT ONE
### (Conspiracy to Commit Bank Fraud)

At various times relevant to this Indictment:

### The Defendants

1. Defendant VICTOR SANTOS, a/k/a "Vitor Santos" ("VICTOR SANTOS") was a real estate investor who resided in Watchung, New Jersey.

2. Defendant ARSENIO SANTOS, a/k/a "Gaspar Santos" ("ARSENIO SANTOS") was a relative of VICTOR SANTOS, and a real estate builder and investor, who resided in Warren, New Jersey.

3. Defendant FAUSTO SIMOES ("SIMOES") was a real estate closing attorney, who had a business office in Newark, New Jersey, and who resided in Millington, New Jersey.

1

**Relevant Individuals and Entities**

4. Sidnei Chimanski ("Chimanski"), a co-conspirator not named as a defendant herein, resided in Union, New Jersey.

5. Chimanski Construction was a shell company owned by Chimanski that purportedly engaged in the construction business. There was a bank account for Chimanski Construction that was controlled by Chimanski and VICTOR SANTOS.

6. The Victim Bank was a financial institution as defined by Title 18, United States Code, Section 20, having accounts insured by the Federal Deposit Insurance Corporation.

**Background**

7. Individuals who financed the purchase of residential real estate submitted a Uniform Residential Loan Application Form 1003 ("Loan Application") to their lender. The Loan Application was a standard form that contained material information about the applicant's identity, employment, income, assets, cash available at settlement, and liabilities. The Loan Application also required the loan applicant to declare whether the property sought would be a primary residence, second home, or an investment property. Information on the Loan Application and supporting documentation influenced the lender's decision to provide the applicant a loan.

8. A HUD-1 Settlement Statement was a standardized form used for residential real estate transactions. A HUD-1 Settlement Statement was used

by a settlement agent, also referred to as a "closing agent" or "closing attorney," to itemize the receipt and disbursement of funds to a borrower and seller in a real estate transaction. A HUD-1 Settlement Statement provided each party in the transaction with a complete list of incoming receipts and outgoing proceeds. If a buyer was financing the purchase with a mortgage, the HUD-1 Settlement Statement also included information about the loan. At closing, the buyer/borrower, seller, and settlement agent certified that the information contained in the Settlement Statement was true and correct.

9. Lenders relied on the HUD-1 Settlement Statement when approving and funding loans and instructed settlement agents to accept and disburse funds consistent with the representations on the HUD-1 Settlement Statement.

10. A straw buyer was an individual who was asked to purchase real estate for another to conceal the identity of the actual purchaser and whose name and credit were used on fraudulent Loan Applications.

## The Conspiracy

11. From in or about September 2007 through in or about November 2008, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

>VICTOR SANTOS,
>a/k/a "Vitor Santos,"
>ARSENIO SANTOS,
>a/k/a "Gaspar Santos," and
>FAUSTO SIMOES,

did knowingly and intentionally conspire and agree with each other and with others to execute and attempt to execute a scheme and artifice to defraud a financial institution, namely the Victim Bank, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of the Victim Bank, by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

## Goal of the Conspiracy

12. It was the goal of the conspiracy for VICTOR SANTOS, ARSENIO SANTOS, SIMOES, Chimanski, and others to unlawfully enrich themselves by: (a) recruiting straw buyers to purchase residential properties in the straw buyers' names; (b) providing down payment funds for the straw buyers; (c) causing false and fraudulent Loan Applications, HUD-1 Settlement Statements, and related documents to be submitted to the Victim Bank to influence the Victim Bank's decision to approve and fund loans for the straw buyers; (d) diverting the fraudulently obtained loan proceeds for their own use; (e) paying

4

the monthly mortgage payments for the straw buyers for a period of time; and (f) causing the mortgage loans to the straw buyers to enter into default.

## Manner and Means of the Conspiracy

13. It was part of the conspiracy that VICTOR SANTOS, ARSENIO SANTOS, Chimanski, and others identified residential properties in Newark, New Jersey (the "Subject Properties") to be used in the fraudulent real estate transactions.

14. It was further part of the conspiracy that VICTOR SANTOS, ARSENIO SANTOS, Chimanski, and others recruited and promised to pay straw buyers to purchase each of the Subject Properties and used the straw buyers' identifying information to submit and cause to be submitted false and fraudulent Loan Applications to the Victim Bank. The Loan Applications for the straw buyers contained material misrepresentations, including that the straw buyer was the true and actual purchaser of the property, that the straw buyer intended to occupy the property as a primary residence, and that the straw buyer was providing funds for a down payment.

15. It was further part of the conspiracy that VICTOR SANTOS, ARSENIO SANTOS, Chimanski, and others identified sellers who accepted less money for the Subject Properties than the sales prices in the sales contracts submitted to the Victim Bank in support of the straw buyers' Loan Applications and caused the diversion of fraudulently obtained mortgage loan funds for their personal use and to further the conspiracy.

16. It was further part of the conspiracy that VICTOR SANTOS,

ARSENIO SANTOS, SIMOES, Chimanski, and others made and caused to be made, and submitted and caused to be submitted to the Victim Bank, HUD-1 Settlement Statements that falsely stated that the respective straw buyer was paying his or her own cash-to-close obligations, including down payments. In fact, VICTOR SANTOS, ARSENIO SANTOS, Chimanski, and others made and caused to be made, and submitted and caused to be submitted to SIMOES, in his capacity as closing attorney, cashier's checks that were used to pay the closing costs for the straw buyers.

17. It was further part of the conspiracy that SIMOES concealed from the Victim Bank intended disbursements to Chimanski Construction.

18. It was further part of the conspiracy that VICTOR SANTOS, ARSENIO SANTOS, SIMOES, Chimanski, and others caused the Victim Bank to wire the fraudulently-obtained loan funds to SIMOES's attorney trust account. In total, the Victim Bank wired loan funds of more than $4 million to SIMOES and other settlement agents.

19. It was further part of the conspiracy that VICTOR SANTOS, ARSENIO SANTOS, Chimanski, and others used bank accounts that they controlled to deposit and disburse funds from fraudulently-obtained mortgage loans for their personal use and to further the conspiracy.

20. It was further part of the conspiracy that VICTOR SANTOS, ARSENIO SANTOS, Chimanski, and others paid and caused to be paid the straw buyers' monthly mortgage payments for a short period of time.

21. It was further part of the conspiracy that VICTOR SANTOS,

ARSENIO SANTOS, Chimanski, and others stopped making the mortgage payments for the Subject Properties and caused the mortgages to go into default.

## Subject Properties

22. In furtherance of the fraudulent scheme, VICTOR SANTOS, ARSENIO SANTOS, SIMOES, Chimanski, and others participated in fraudulent real estate and mortgage transactions involving, among others, the following Subject Properties:

### 226 West Runyon Street, Newark New Jersey ("226 W. Runyon")

    a.    In or about December 2007, VICTOR SANTOS, ARSENIO SANTOS, SIMOES, Chimanski, and others, caused to be submitted a false and fraudulent Loan Application to the Victim Bank in the name of Straw Buyer 1 for a mortgage loan of approximately $474,050.

    b.    The 226 W. Runyon Loan Application contained false and fraudulent information, including false representations about Straw Buyer 1's intended use of 226 W. Runyon as a primary residence and false information about cash Straw Buyer 1 would pay at the time of closing. The 226 W. Runyon Loan Application also falsely stated that Straw Buyer 1 was the borrower when in fact VICTOR SANTOS, ARSENIO SANTOS, Chimanski, and others were the true borrowers.

    c.    In or about December 2007, VICTOR SANTOS, SIMOES, Chimanski, and others caused a false and fraudulent HUD-1 Settlement Statement to be executed at the closing of the 226 W. Runyon transaction.

7

   d. The 226 W. Runyon HUD-1 Settlement Statement falsely claimed that Straw Buyer 1 was the true purchaser of 226 W. Runyon and that Straw Buyer 1 paid approximately $19,655 to fulfill the borrower's obligation at closing. In reality, VICTOR SANTOS, ARSENIO SANTOS, Chimanski, and others were the true purchasers of 226 W. Runyon and the $19,655 purportedly paid by Straw Buyer 1 came from accounts controlled by Chimanski.

   e. On or about December 21, 2007, based in part on the fraudulent information contained in the 226 W. Runyon Loan Application and HUD-1 Settlement Statement, defendants VICTOR SANTOS, SIMOES, Chimanski, and others caused the Victim Bank to wire transfer approximately $470,879 in loan funds to the attorney trust account of SIMOES.

   f. On or about December 21, 2007, SIMOES, as settlement agent for the 226 W. Runyon transaction, issued a check to Chimanski Construction for approximately $87,838 from the proceeds of the sale of 226 W. Runyon. The check was deposited in the Chimanski Construction bank account controlled by VICTOR SANTOS and Chimanski. The funds were used for the benefit of the conspirators and to further the conspiracy.

**170 Scheerer Avenue, Newark, New Jersey ("170 Scheerer")**

   g. In or about January 2008, VICTOR SANTOS, ARSENIO SANTOS, SIMOES, Chimanski, and others, caused to be submitted a false and fraudulent Loan Application to the Victim Bank in the name of Straw Buyer 2 for a mortgage loan of approximately $474,050.

8

      h.     The 170 Scheerer Loan Application contained false and fraudulent information, including false representations about Straw Buyer 2's intended use of 170 Scheerer as a primary residence and false information about cash Straw Buyer 2 would pay at the time of closing. The 170 Scheerer Loan Application also falsely stated that Straw Buyer 2 was the borrower when in fact VICTOR SANTOS, ARSENIO SANTOS, Chimanski, and others were the true borrowers.

      i.     In or about January 2008, VICTOR SANTOS, ARSENIO SANTOS, SIMOES, Chimanski, and others caused a false and fraudulent HUD-1 Settlement Statement to be executed at the closing of the 170 Scheerer transaction.

      j.     The 170 Scheerer HUD-1 Settlement Statement falsely claimed that Straw Buyer 2 was the true purchaser of 170 Scheerer and that Straw Buyer 2 paid approximately $25,450 to fulfill the borrower's obligation at closing. In reality, VICTOR SANTOS, ARSENIO SANTOS, Chimanski, and others were the true purchasers of 170 Scheerer and the $25,450 purportedly paid by Straw Buyer 2 came from the Chimanski Construction bank account controlled by VICTOR SANTOS and Chimanski.

      k.     On or about January 9, 2008, based in part on the fraudulent information contained in the 170 Scheerer Loan Application and HUD-1 Settlement Statement, defendants VICTOR SANTOS, ARSENIO SANTOS, SIMOES, Chimanski, and others caused the Victim Bank to wire transfer approximately $469,988.60 in loan funds to the attorney trust account

9

of SIMOES.

l.      On or about January 9, 2008, SIMOES, as settlement agent for the 170 Scheerer transaction, issued a check to Co-Conspirator 1 for approximately $126,513 from the proceeds of the sale of 170 Scheerer. The check was deposited in an account controlled by Co-Conspirator 1 and Chimanski. The funds were used for the benefit of the conspirators and to further the conspiracy.

### 15 Vine Street, Newark New Jersey ("15 Vine")

m.      In or about May 2008, VICTOR SANTOS, ARSENIO SANTOS, SIMOES, Chimanski, and others, caused to be submitted a false and fraudulent Loan Application to the Victim Bank in the name of Straw Buyer 3 for a mortgage loan of approximately $474,050.

n.      The 15 Vine Loan Application contained false and fraudulent information, including false representations about Straw Buyer 3's intended use of 15 Vine as a primary residence and false information about cash Straw Buyer 3 would pay at the time of closing. The 15 Vine Loan Application also falsely stated that Straw Buyer 3 was the borrower when in fact VICTOR SANTOS, ARSENIO SANTOS, Chimanski, and others were the true borrowers.

o.      In or about May 2008, VICTOR SANTOS, SIMOES, Chimanski, and others caused a false and fraudulent HUD-1 Settlement Statement to be executed at the closing of the 15 Vine transaction.

p.      The 15 Vine HUD-1 Settlement Statement falsely claimed that Straw Buyer 3 was the true purchaser of 15 Vine and that Straw Buyer 3

paid approximately $36,271 to fulfill the borrower's obligation at closing. In reality, VICTOR SANTOS, ARSENIO SANTOS, Chimanski, and others were the true purchasers of 15 Vine and the $36,271 purportedly paid by Straw Buyer 3 came from an account controlled by Chimanski and VICTOR SANTOS.

  q. On or about May 30, 2008, based in part on the fraudulent information contained in the 15 Vine Loan Application and HUD-1 Settlement Statement, defendants VICTOR SANTOS, SIMOES, Chimanski, and others caused the Victim Bank to wire transfer approximately $470,349 in loan funds to the attorney trust account of SIMOES.

  r. On or about May 30, 2008, SIMOES, as settlement agent for the 226 W. Runyon transaction, issued a check to Chimanski Construction for approximately $149,000 from the proceeds of the sale of 15 Vine. The check was deposited in the Chimanski Construction bank account controlled by VICTOR SANTOS and Chimanski. The funds were used for the benefit of the conspirators and to further the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH TEN
### (Bank Fraud)

1. Paragraphs 1 through 10 and 12 through 22 of Count One of this Indictment are re-alleged and incorporated herein.

2. On or about the dates set forth in the table below, in Essex County, in the District of New Jersey and elsewhere, defendants

VICTOR SANTOS,<br>
a/k/a "Vitor Santos,"<br>
ARSENIO SANTOS,<br>
a/k/a "Gaspar Santos," and<br>
FAUSTO SIMOES,

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a financial institution, namely the Victim Bank, and to obtain moneys, funds, and credits under the custody or control of the Victim Bank, by means of materially false or fraudulent pretenses, representations, and promises by submitting and causing to be submitted materially false Loan Applications, HUD-1 Settlement Statements, and other mortgage and closing documents for mortgage loans for the properties identified in the table below, each constituting a separate count of this indictment as to the defendants named therein:

12

| COUNT | DEFENDANTS | CLOSING DATE | PROPERTY | APPROXIMATE LOAN AMOUNT |
|---|---|---|---|---|
| 2 | VICTOR SANTOS ARSENIO SANTOS | November 30, 2007 | 14 Willoughby Street, Newark, NJ | $474,050 |
| 3 | VICTOR SANTOS FAUSTO SIMOES | December 21, 2007 | 226 W. Runyon Street, Newark, NJ | $474,050 |
| 4 | VICTOR SANTOS FAUSTO SIMOES | December 31, 2007 | 44 Dewey Street, Newark, NJ | $449,100 |
| 5 | VICTOR SANTOS FAUSTO SIMOES | January 9, 2008 | 170 Scheerer Avenue, Newark, NJ | $474,050 |
| 6 | VICTOR SANTOS FAUSTO SIMOES | February 6, 2008 | 168 Scheerer Avenue, Newark, NJ | $449,100 |
| 7 | VICTOR SANTOS ARSENIO SANTOS | March 17, 2008 | 46 Barbara Street, Newark, NJ | $247,000 |
| 8 | VICTOR SANTOS ARSENIO SANTOS FAUSTO SIMOES | April 11, 2008 | 118 South 7th Street, Newark, NJ | $450,000 |
| 9 | VICTOR SANTOS ARSENIO SANTOS FAUSTO SIMOES | May 19, 2008 | 27 Governor Street, Newark, NJ | $399,500 |
| 10 | VICTOR SANTOS FAUSTO SIMOES | May 30, 2008 | 15 Vine Street, Newark, NJ | $474,050 |

In violation of Title 18, United States Code, Section 1344 and Section 2.

## COUNTS ELEVEN THROUGH NINETEEN
### (False Statements)

1.  Paragraphs 1 through 10 and 12 through 22 of Count One of this Indictment are re-alleged and incorporated herein.

2.  On or about the dates indicated in the table below, in Essex County, in the District of New Jersey and elsewhere, defendants

> VICTOR SANTOS,
> a/k/a "Vitor Santos,"
> ARSENIO SANTOS,
> a/k/a "Gaspar Santos," and
> FAUSTO SIMOES,

knowingly made false statements for the purpose of influencing in any way the actions of the Victim Bank, the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with applications for credit in that the defendants made and caused to be made false statements in Loan Applications and HUD-1 Settlement Statements about the identity of the borrowers and the source of the down payments to be paid by the identified borrowers, when in truth and in fact, as the defendants well knew, defendants VICTOR SANTOS, ARSENIO SANTOS, and others were the true borrowers and provided the cash for the down payments for the purpose of obtaining mortgage loans for the properties identified in the table below, each constituting a separate count of the indictment as to the defendants named therein:

14

| COUNT | DEFENDANTS | CLOSING DATE | PROPERTY |
|---|---|---|---|
| 11 | VICTOR SANTOS<br>ARSENIO SANTOS | November 30, 2007 | 14 Willoughby Street, Newark, NJ |
| 12 | VICTOR SANTOS<br>FAUSTO SIMOES | December 21, 2007 | 226 W. Runyon Street, Newark, NJ |
| 13 | VICTOR SANTOS<br>FAUSTO SIMOES | December 31, 2007 | 44 Dewey Street, Newark, NJ |
| 14 | VICTOR SANTOS<br>FAUSTO SIMOES | January 9, 2008 | 170 Scheerer Avenue, Newark, NJ |
| 15 | VICTOR SANTOS<br>FAUSTO SIMOES | February 6, 2008 | 168 Scheerer Avenue, Newark, NJ |
| 16 | VICTOR SANTOS<br>ARSENIO SANTOS | March 17, 2008 | 46 Barbara Street, Newark, NJ |
| 17 | VICTOR SANTOS<br>ARSENIO SANTOS<br>FAUSTO SIMOES | April 11, 2008 | 118 South 7th Street, Newark, NJ |
| 18 | VICTOR SANTOS<br>ARSENIO SANTOS<br>FAUSTO SIMOES | May 19, 2008 | 27 Governor Street, Newark, NJ |
| 19 | VICTOR SANTOS<br>FAUSTO SIMOES | May 30, 2008 | 15 Vine Street, Newark, NJ |

In violation of Title 18, United States Code, Section 1014 and Section 2.

## **FORFEITURE ALLEGATION**

1.  The allegations contained in all paragraphs of Counts One through Nineteen of this Indictment are hereby re-alleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 28, United States Code, Section 2461(c).

2.  The United States hereby gives notice to the defendants, that, upon conviction of the offenses charged in Counts One through Nineteen, the government will seek forfeiture from the defendants charged in each respective count, in accordance with Title 18, United States Code, Section 982(a)(2), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Sections 1349, 1344, and 1014 alleged in this Indictment. If by any act or omission of the defendants, any of the property subject to forfeiture described herein:

   a.  cannot be located upon the exercise of due diligence;
   b.  has been transferred or sold to, or deposited with, a third party;
   c.  has been placed beyond the jurisdiction of the court;
   d.  has been substantially diminished in value; or
   e.  has been commingled with other property which cannot be subdivided without difficulty;

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code

16

Section 2461(c).

A TRUE BILL:



_____
Craig Carpenito
United States Attorney

CASE NUMBER: 18-585 (MAS)

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

VICTOR SANTOS,
a/k/a "VITOR SANTOS,"
ARSENIO SANTOS,
a/k/a "GASPAR SANTOS"
and
FAUSTO SIMOES

A True Bill,

**INDICTMENT FOR**

18 U.S.C. §§ 1349, 1344, 1014, and 2

**CRAIG CARPENITO**
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

CHARLIE DIVINE AND KEVIN DIGREGORY
*SPECIAL ASSISTANT U.S. ATTORNEYS*
(202) 730-4948

USA-48AD 8
(Ed. 1/97)