

*U.S. Department of Justice*

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*(973) 645-2700*

April 22, 2019

VIA ECF
Honorable Michael A. Shipp
United States District Court Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    <u>United States v. Santos et al.</u>
               <u>Cim. No. 3:18-CR-00585 (MAS)</u>

Your Honor:

The Government respectfully objects to defendant Victor Santos's request for the entry of an Order allowing the defendant to travel to Portugal based on the following factors:

(1) The defendant is under indictment for Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349, multiple counts of Bank Fraud in violation of 18 U.S.C. § 1344, and multiple counts of False Statements, in violation of 18 U.S.C. § 1014, with the maximum sentence of imprisonment for each count being 30 years.

(2) Discovery has been substantially completed and the defendant is aware or should be aware of the substantial evidence of his guilt.

(3) The letter submitted to the Court by defendant's counsel states the defendant's travel is necessary, so he can "check on his mother's home and property in Portugal." Defense counsel's communications with the Government prior to the letter (including communications the day before the defendant submitted his request during which the

    Government articulated its opposition) made no mention of preparing the home of the defendant's mother for a visit, or renovations.[1]

(4) The defendant holds dual citizenship with the United States and Portugal and the extradition treaty, The Convention of May 7, 1908 Between the United States of American and Portugal, (Attachment A) provides at Article VIII that "neither of the Contracting Parties shall be bound to deliver up its own citizens or subjects."[2] https://history.state.gov/historicaldocuments/frus1908/d680 (accessed April 22, 2019)

(5) The defendant has access to a residence in Portugal, his mother's, that may be available as a permanent shelter.

(6) The defendant has other family ties to Portugal as noted in his request to the Court.

The defendant is free pending trial under a Court order determining the least restrictive conditions of release that will assure his appearance at future court proceedings. He now seeks a lessening of those least restrictive conditions. The Government submits he must provide the Court an exceptional reason or reasons for the modification, especially a modification that would take the defendant to a country that has the discretion to allow him to remain beyond the Court's jurisdiction indefinitely. Even if repairs beyond those made last year to his Mother's home in Portugal are required,[3] the defendant has offered no reasonable explanation why he is the only person capable of completing them or overseeing their completion.

Contrast defendant's request with the recent post-indictment request for the entry of an Order allowing defendant Arsenio Santos to travel to Portugal to which the Government consented. Arsenio Santos had an exceptional reason to travel, that is, attendance at his Mother's funeral. Consider also, the pre-indictment travel of the defendant last year to which the Government consented. Not only did the defendant want to repair his Mother's home, but he

---

[1] We spoke to counsel as recently as today and understand that the reasons for the request for travel remain essentially the same as those articulated in their letter of last week. After considering the information provided today, the Government remains opposed.

[2] The extradition treaty between the United States and Portugal consists of The Convention of May 7, 1908 Between the United States of America and Portugal and the Instrument Amending the Convention of May 7, 1908 Between the United States of America and Portugal Signed at Washington July 14, 2005 with Annex.

[3] The defendant made a similar request to travel to Portugal in July 2018 prior to indictment. According to the July 2018 cover letter defense counsel sent to U.S. Magistrate Joseph Dickson transmitting a proposed Consent Order (Attachment B, ECF #57) defendant purportedly wished to travel, in part, to "[p]rovide maintenance and upkeep on his mother's house in Portugal," to prepare it for a visit his mother would make, noting that the house had been vacant for some time.

wanted to visit a 99-year-old cousin, perhaps for the last time, whose memory was failing.

Although, for the reasons stated above, the risk of flight is greater now than before indictment, the Government is not seeking defendant's detention and a revocation of the Court's order allowing the defendant to remain free pending trial. Therefore, the Government does not have the burden of establishing a substantial risk of flight. Because the defendant asks the Court to remove a condition already imposed, if only temporarily, he has the burden of establishing that he is entitled to the privilege of foreign travel. Defendant Victor Santos must convince the Court that lifting the restriction on travel will not change the odds of his appearing or enhance the risk of flight. Given the defendant's citizenship and family ties to Portugal, his recent indictment, and his more fulsome knowledge of the substantial evidence of his guilt, the Government respectfully requests the Court deny the defendant's request.

        Sincerely,

        CRAIG CARPENITO
        United States Attorney

By:     /s/

        Charlie L. Divine
        Kevin V. Di Gregory
        Special Assistant U.S. Attorneys

Attachments

cc: Lawrence S. Lustberg, Esq. and Kevin G. Walsh, Esq. (counsel for Victor Santos) (via email)

    John. J. O'Reilly, Esq. (counsel for Fausto Simoes)

    Damian P. Conforti, Esq. (counsel for Arsenio Santos)

    Daniel Milne, United States Pre-Trial Services (via email)