

Lawrence S. Lustberg
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4731 Fax: 973-639-6285
llustberg@gibbonslaw.com

April 23, 2019

**VIA ECF**
Honorable Michael A. Shipp, U.S.D.J.
United States District Court
    for the District of New Jersey
Clarkson S. Fisher Federal Building
    and United States Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:  **United States v. Victor Santos**
           **Crim. No. 18-00585 (MAS)**

Dear Judge Shipp,

      Please accept this brief letter in lieu of more formal reply to the Government's opposition to defendant Victor Santos's request that his conditions of release be relaxed for a brief (less than 2-week) period so that he may once again assist his elderly (92-year old) mother, who returns to her original home in Portugal each year, this time by, as set forth in our prior letter to Your Honor, in order to supervise work on her home there to make that home handicap accessible, as well as to attend an annual religious observation. In particular, Mr. Santos here seeks to reply to the statements in the Government's letter of yesterday opposing his application, each of which is fundamentally unfair and, in some cases, inaccurate or misleading. Thus:

1. The Government describes the charges against Mr. Santos by concluding that each of the counts with which he is charged carries a maximum sentence of 30 years, though this Court obviously is aware that his exposure, under the United States Sentencing Guidelines, is far less. To the extent that the Government is arguing that his potential sentence provides a motivation for Mr. Santos to flee, it should at the very least be fairly and accurately assessed.

2. In an effort to distinguish Mr. Santos's request from his request at the same time last year, when he traveled to and returned from Portugal for similar purposes without any problem, the Government argues that "[d]iscovery has been substantially completed and the defendant is aware or should be aware of the substantial evidence of his guilt." But to the contrary, and even leaving aside that Mr. Santos is presumed innocent, the evidence thus far revealed is, respectfully, minimal and is entirely bereft of, for example, witness statements upon which the Government will presumably rely, including that of Sidnei Chimanski, who has pled guilty and is, we understand,

GIBBONS P.C.

Hon. Michael A. Shipp, U.S.D.J.
April 23, 2019
Page 2

cooperating against Mr. Santos and his co-defendants. Even more to the point, the Government entirely fails to disclose to Your Honor that a great deal of the evidence that it has produced in discovery was either provided, or summarized to the defense, after Mr. Santos was arrested but before his indictment, *i.e.*, before his travel last year. Finally, as we have long argued to the Government, and will soon put before the Court in pre-trial motions, this is a case in which the events occurred so long ago as to engender impermissible pre-indictment delay, which Mr. Santos will contend requires the dismissal of the indictment. *See United States v. Lovasco*, 431 U.S. 783, 789 (1977); *United States v. Marion*, 404 U.S. 307, 322, 324 (1971); *United States v. Diallo*, 732 Fed. App'x 94, 99-100 (3d Cir. 2018); *United States v. Ismaili*, 828 F.2d 153, 167 (3d Cir. 1987), *cert. denied*, 485 U.S. 935 (1988). The argument, therefore, that he now has a motive to flee that he did not last year, when he was subject to precisely the same conditions of release, is hollow indeed and really hides key facts from Your Honor.

3. The Government contends that, prior to Mr. Santos seeking permission to travel, it was not fully apprised of the reasons for his travel – to assist with and supervise renovations of his mother's home to make it handicapped accessible, as she certainly cannot do on her own. But the Government concedes that it was aware of these circumstances both as a result of Mr. Santos's letter submission and conversations with the undersigned yesterday. Its description of its earlier conversation with other defense counsel – whatever the accuracy of that account – is therefore irrelevant. Indeed, the Government maintains its objection notwithstanding understanding the circumstances set forth by Mr. Santos.

4. The Government expresses concern that Mr. Santos may not be able to be extradited from Portugal because he is a citizen thereof, not mentioning that he is also a citizen of the United States, having immigrated here in 1978 and having lived here ever since, and obtained citizenship in or around 1984. Leaving aside that Mr. Santos is thus extremely unlikely to flee, as I have told the Government today, I have offered, on Mr. Santos's behalf to agree to his extradition in advance and waive any right to oppose it so that, in the extremely unlikely (really, impossible) event that he does not return, he can readily be extradited. The Government did not accept that offer, questioning whether such an agreement would be enforceable, this notwithstanding that the treaty between the U.S. and Portugal specifically includes an Annex, wherein Article IX "Simplified extradition procedures" addresses circumstances where "the person sought consents to be surrendered to the requesting country . . . ." *Extradition Instrument Amending the Convention of May 7, 1908*, Pt.-U.S., July 14, 2005, T.I.A.S. No. 10-201.18. Indeed, I have employed this kind of agreement before, and I understand it to be valid. *See, e.g., United States v. Homaune*, 898 F. Supp. 2d 153, 166 (D.D.C. 2012) (noting that the defendant "waived objections to extradition" from Germany to the United States).

GIBBONS P.C.

Hon. Michael A. Shipp, U.S.D.J.
April 23, 2019
Page 3

5. The Government points to the fact that Mr. Santos's family has a home in Portugal and that he has family there (point 6). But it does not even attempt to address that, as Mr. Santos made clear in his letter to Your Honor, Mr. Santos has substantial personal and business ties to the New Jersey community including, most compellingly, his only daughter Juliana, who – as I told the Government yesterday – is the most important person in Mr. Santos's life and who is willing to surrender her passport (as she did last time Mr. Santos traveled to Portugal) during the time that he is away to assure that she does not go to Portugal to join him.

6. The Government complains that someone other than Mr. Santos can do the necessary repairs to his mother's home. Indeed, as I told the Government yesterday, others *are* doing the work – but Mr. Santos's 92-year old mother is not capable of supervising that work and Mr. Santos wants only to do so and to inspect it so that his mother will be safe while she is away. The Government does not deem this circumstance sufficiently "exceptional" to justify this foreign travel, even though it agreed to a co-defendant's travel to the same country for a funeral, as certainly it should have. But the limits of the Government's compassion are troubling and, respectfully, seem hard-hearted in the case of a defendant with no criminal record, who has not done anything that would give rise to a risk of flight, accused of such old crimes on such apparently thin evidence.

7. Finally, the Government contends that it could have, but has not sought detention, and that it bears no burden of showing that Mr. Santos poses a risk of flight. Of course, there was no basis for detention here, based upon a risk of flight or otherwise and, indeed, as Mr. Santos points out in his letter to the Court, he has complied perfectly with all of the conditions of his pretrial release, as a result of which the Office of Pretrial Services took no position on his request (after the prosecutors specifically demanded that Office's position, only to apparently ignore it). And, although the Government is wrong that it bears no burden to show that the modification here sought is unreasonable, *United States v. Smith*, No. CR-12-1298, 2012 WL 3776868, at *3 (D. Ariz. Aug. 31, 2012) (holding in the context of a request to modify the conditions of pretrial release, that "[t]he burden of proof rests with the Government which must establish risk of flight by a preponderance of the evidence"); *see also United States v. Day*, No. 2:17-cr-00031, 2017 WL 5457983, at *5 (D.N.J. Nov. 13, 2017) (finding that in establishing the conditions of pretrial release the Government must show "by a preponderance of the evidence that [the defendant] posed a serious flight risk and that the proposed conditions of release would not reasonably ensure his appearance at future proceedings"), Mr. Santos gladly shoulders the burden of showing that he will not flee, but instead, will return to the United States after a trip to Portugal to assist his mother, just as he did last year, and will otherwise continue to fully comply with the conditions of his release, even as he fights to establish his innocence, as he is confident (as are counsel) he will be able to do.

GIBBONS P.C.

Hon. Michael A. Shipp, U.S.D.J.
April 23, 2019
Page 4

      For these reasons and those set forth in his prior submission, defendant Victor Santos respectfully requests that his application to travel to Portugal be granted; as noted, he is willing to add additional conditions to satisfy the Court that he will, as he certainly will in any event, return, including the surrender of his daughter's passport and his consent to extradition were he not to return. But with or without those conditions, his motion should, as a matter of justice and compassion, be granted.

      Of course, if Your Honor has any questions or concerns about this request, please do not hesitate to contact me. Thank you very much for your kind consideration of this request.

                                                Respectfully submitted,

                                                s/ Lawrence S. Lustberg
                                                Lawrence S. Lustberg

cc:    SAUSA Kevin DiGregory (via email)
        SAUSA Charlie Divine (via email)
        All counsel of record (via ECF)