UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

VICTOR SANTOS,
   a/k/a "Vitor Santos," and
FAUSTO SIMOES,

Criminal No. 18-585 (MAS)

**SCHEDULING ORDER**

This matter having come before the Court for oral argument on pretrial motions on December 19, 2020; and the United States being represented by Craig Carpenito, United States Attorney for the District of New Jersey (by Vijay Dewan Assistant United States Attorney and Charlie L. Divine and Kevin V. Di Gregory, Special Assistant United States Attorneys, appearing); and defendant Victor Santos being represented by Larry S. Lustberg, Esq., Kevin G. Walsh, Esq., and Genna A. Conti, Esq.; and defendant Fausto Simoes being represented by John J. O'Reilly Esq.; and the Court having determined that this matter should be scheduled for trial; and for good cause shown,

It is on this 31st day of January 2020, **ORDERED** that:

1. The Government shall provide its pre-marked exhibits on or before **February 7, 2020**.

    a. The authenticity and chain of custody of the Government's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 1 (c).

    b. If the Government discloses the scientific analysis of an exhibit that it proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have

been accepted unless an objection is asserted in the form set forth in paragraph l(c).

    c. If either defendant Victor Santos or defendant Fausto Simoes (collectively, the "Defendants") wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the defendant shall file, on or before **February 14, 2020**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

2. The Defendants shall provide their pre-marked exhibits on or before **February 14, 2020**.

    a. The authenticity and chain of custody of the Defendants' pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 2(c).

    b. If a defendant discloses the scientific analysis of an exhibit that the defendant propose to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 2(c).

    c. If the Government wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Government shall file, on or before **February 21, 2020**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the

exhibit is being challenged and a certification that the challenge is being made in good faith.

3. The Government shall provide all material to be disclosed under *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, on or before **February 21, 2020** and shall, if it agrees to do so, provide any material to be provided under the Jencks Act, 18 U.S.C. §3500, on or before the same date.

4. The Defendants, if they agree to do so, shall produce all "reverse Jencks" that is required to be disclosed under Federal Rule of Criminal Procedure 26.2 on or before **February 21, 2020**.

5. If the Government intends to offer any Rule 404(b) evidence, the Government shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before **February 21, 2020**.

6. If the Defendants intend to offer any "reverse Rule 404(b)" evidence, the Defendants shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before **February 21, 2020**.

7. The parties shall file any *in limine* motions, addressed to the admissibility of evidence, on or before **February 27, 2020**; responses to such motions may be filed on or before **March 2, 2020**; replies, if any, may be filed on or before **March 4, 2020**; and oral argument on such motions shall be held on **March 5, 2020** at **10 a.m.**

8. The parties shall file any *voir dire* requests on or before **February 21, 2020**.

9. The Government shall file any requests to charge addressed to (a) preliminary instructions to the jury, and (b) the elements of the offenses at issue, on or before **February 21, 2020**.

3

10. The Defendants shall file any requests to charge addressed to (a) preliminary instructions to the jury, and (b) the elements of the offenses at issue, on or before **February 21, 2020**.

11. A *Frye* hearing will be held on **March 9, 2020** at **9:15 a.m.**

12. The parties shall file a joint one-paragraph summary of the case on or before **February 28, 2020**.

13. Jury selection shall commence on **March 9, 2020**, at **9:30 a.m.**

14. Trial shall commence on **March 9, 2020**, after the completion of jury selection.

15. This action hereby is continued until **March 9, 2020**.

16. The period from the date of this order through **March 9, 2020**, hereby is excluded in computing time under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 *et seq*.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**