## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

VICTOR SANTOS, a/k/a "Vitor Santos," and
FAUSTO SIMOES

Criminal No. 18-585 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court upon the parties' correspondence regarding the Bill of Particulars produced by the Government on February 28, 2020. (Mar. 6, 2020 Correspondence 1, ECF No. 159.) The parties "concluded that they agree with respect to the adequacy of the Bill of Particulars but disagree with respect to the effect of the Bill of Particulars on the trial." (*Id.*) "Specifically, [Defendants Victor Santos and Fausto Simoes (collectively, "Defendants")] object to the Government's position that it is not required to prove at trial each and every act identified in the Bill of Particulars." (*Id.*) The Court ordered the parties to file briefing: Santos and Simoes filed opening briefs (ECF Nos. 163, 165), the Government filed opposition to both briefs (ECF No. 168), and Santos and Simoes replied (ECF Nos. 170, 171).

Defendants request that the Court "direct the Government to prove each and every allegation in the bill of particulars." (Simoes Br. 3, ECF No. 165.) "If [the Government] fails in these proofs" at trial, Defendants suggest that they must be acquitted. (Santos Br. 7, ECF No. 163.) The Government argues that a bill of particulars does not alter the prosecution's burden to prove only the elements of the charged offense beyond a reasonable doubt. (Gov't Br. 5, ECF No. 168.) Because Defendants have not demonstrated that a bill of particulars alters the Government's burden of proof at trial, the Court finds that the Government's burden is unchanged by the issuance of the Bill of Particulars.

I.      **The Government is Not Required to Prove Nonessential Allegations in General.**

As the Government notes, it is an axiom of criminal law that the prosecution's burden is to prove the essential elements of the crime, not all the facts that may be stated within an indictment. (*See* Gov't Br. 6–7 (citing *Richardson v. United States*, 526 U.S. 813, 817 (1999); *United States v. Tykarsky*, 446 F.3d 458, 474 (3d Cir. 2006) ("[A] defendant's right to be tried on the charges set forth in the indictment is not impaired where the indictment alleges more acts than are necessary for conviction."); *United States v. Buchanan*, 544 F.2d 1322, 1324 n.2 (5th Cir. 1977) ("The Government need not prove all the facts charged in the indictment. It need only prove enough of them to satisfy the essential elements of the crime.")).) Such material is called surplusage and may be disregarded. *Ford v. United States*, 273 U.S. 593, 602 (1927); *United States v. Hutchinson*, 316 F. App'x 137, 140 (3d Cir. 2009) (citing *United States v. Inglesias*, 535 F.3d 150, 161 n.4 (3d Cir. 2008)).

Here, the Indictment lists the allegations against Defendants while the Bill of Particulars provides supplemental information detailing which co-conspirator is alleged to have committed each overt act. (*See* Indictment, ECF No. 64; Bill of Particulars, Ex. A to Lustberg Cert., ECF No. 163-1.) Material in the Bill of Particulars may constitute essential elements of the crime, or may be surplusage. Defendants' argument would require the Government to prove each allegation in the Bill of Particulars—even if it is surplusage—effectively transforming any surplusage in the Bill of Particulars into the essential elements of the crime.

II.     **Redefining the Government's Burden has Not Been a Historical Function of the Bill of Particulars.**

Santos argues that if the Government fails to prove any fact in the Bill of Particulars, he will be entitled to acquittal "either by a jury so instructed in these rules or, if no reasonable juror could find that the Government met its burden to prove these particulars beyond a reasonable

doubt, by the Court, on a motion pursuant to Federal Rule of Criminal Procedure 29." (Santos Br. 7.) Santos appears to base this result from his premise that Third Circuit precedent holds that a bill of particulars must both "limit" and "bind" the Government in the proofs it may present at trial. (Santos Br. 3, 6; Santos Reply Br. 2, ECF No. 170.) The Government discounts the relevance of each of the cases cited for Defendants' position, concluding that these cases only support the "limiting" function of the bill of particulars, but not the purported "binding" function. (Gov't Br. 10–12.) The Court finds that Defendants' cases do not support the "binding" function of the bill of particulars as they describe it.

Defendants argue that there is "ample and unwavering" precedent in support of their position. (Santos Br. 6–7.) Although many of the cases the Defendants cite use the word "bind" in reference to a bill of particulars,[1] the more likely reading of this language is that it references the doctrine of variance, not a heightened burden on the prosecution. Under the doctrine of variance, the Government may not present evidence that materially varies from the allegations in an indictment and the bill of particulars. *United States v. Daraio*, 445 F.3d 253, 261 (3d Cir. 2006) (discussing variance from an indictment); *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965) (discussing variance from a bill of particulars). A variance will only warrant a new trial or acquittal, however, when a defendant demonstrates that the variance prejudiced one of his

---

[1] Santos cites the following for this proposition: *United States v. Crosby*, No. 08-186A, 2013 WL 3354422, at *4 (W.D.N.Y. July 3, 2013) ("As an amplification of the Indictment, the Bill of Particulars formally binds the Government to prove the particulars . . . ."); *United States v. Lounsberry*, No. 18-049, 2018 WL 6517554, at *8 (W.D.N.Y. Oct. 1, 2018) ("[T]he effect of a bill of particulars is to 'formally bind[ ] the Government to prove the particulars . . . ."); *United States v. Chalhoub*, No. 16-023, 2018 WL 662361, at *2 (E.D. Ky. Feb. 1, 2018) (stating the effect of a bill of particulars is "to further bind the Government to a more specific set of evidence"); *United States v. Brown*, No. 07-075, 2007 WL 2007513, at *16 (D.D.C. July 9, 2007) ("[A] Bill of Particulars binds the Government both in terms of its adjudication of this case and for Double Jeopardy purposes."); *United States v. Gillespie*, 773 F. Supp. 1154, 1159 (N.D. Ind. 1991) (noting that "the indictment and Bill of Particulars bind the government" in its proofs).

"substantial rights." *Berger v. United States*, 295 U.S. 78, 82 (1935). In this way, the Government is bound by the allegations in the Indictment and Bill of Particulars, since it may not prove any other version of the case than the one it has articulated. Because the language in these cases can be understood as a reference to the existing doctrine of variance, there is no need to infer the existence of a heightened burden of proof.

Defendants' other line of cases purporting to support the transformation of the Government's burden is similarly unconvincing. Defendants cite six different cases that equate the allegations in a bill of particulars to "essential allegations in a special declaration."[2] None of these cases, however, nor any of the others cited in support of this argument, presented a scenario in which a court was asked to rule on this issue.[3] The Court is unable to find any support for Defendants' proposition that a bill of particulars alters the standard for determining the sufficiency of the evidence in a criminal trial.

---

[2] (Santos Br. 3–5 (quoting *United States v. Neff*, 212 F.2d 297, 309 (3d Cir. 1954); *Commonwealth v. Giles*, 67 Mass. 466, 467 (1854))); *see also United States v. Armco Steel Corp.*, 255 F. Supp. 841, 846 (S.D. Cal. 1966); *United States v. Yarus*, 198 F. Supp. 425, 428 (S.D.N.Y. 1961); *Land v. United States*, 177 F.2d 346, 349 (4th Cir. 1949); *United States v. Gouled*, 253 F. 239, 240 (S.D.N.Y. 1918); *United States v. Pierce*, 245 F. 888, 890 (N.D.N.Y. 1917).

[3] The court in *Neff*, for example, was faced with a defendant who had insufficient notice of her charges because the lower court allowed a late amendment to the bill of particulars. *United States v. Neff*, 212 F.2d 297, 309. The *Neff* court did not address whether all deviations from a bill of particulars were inherently prejudicial. *See id.* at 309–310. The other cases in this line are equally inapposite. *See Armco Steel Corp.*, 255 F. Supp. at 846 (addressing whether a case remains viable after the Government submits numerous contradictory bills of particulars); *Yarus*, 198 F. Supp. at 428 (addressing whether to admit evidence requested but not listed in the bill of particulars); *Land*, 177 F.2d at 349 (addressing whether the Government is permitted to prove a completely different set of facts than those in the bill of particulars); *Gouled*, 253 F. at 240 (declining to grant a bill of particulars where the indictment was already specific); *Pierce*, 245 F. at 890 (declining to grant a bill of particulars that may preclude the introduction of evidence not yet known).

### III.   The Variance Doctrine Ensures Defendants Have Adequate Notice of Their Charges.

Defendants argue that if the Bill of Particulars does not replace the elements of the charged crimes for purposes of determining the sufficiency of the evidence, they will be left without adequate notice of their charges. Santos argues that because the Bill of Particulars binds the Government to "prove the particulars," the Government must prove every act alleged in the Indictment and Bill of Particulars or else the Bill of Particulars would be rendered "meaningless." (Santos Br. 3; Santos Reply Br. 6.)

Simoes suggests that if the Government is not "bound" by the facts it has presented in the Indictment and Bill of Particulars, then there will be an opportunity for him to be prejudicially surprised. (Simoes Br. 5.) Santos further suggests that if the Court does not rule in accordance with their proposed interpretation, it will be ruling in advance that any difference between the case the Government presents at trial and the allegations in the Bill of Particulars cannot constitute prejudicial surprise. (Santos Reply Br. 8–9.) This conclusion is unwarranted.

Defendants are protected by the variance doctrine against the kind of prejudicial surprise that could result from the introduction of evidence meant to prove allegations that materially differ from those in the Indictment and Bill of Particulars. If the Government's failure to prove a particular nonessential allegation in the Bill of Particulars changes the case so much that it constitutes a material variance, then Defendants will have the opportunity to argue that relief is warranted due to prejudice suffered as a result of that variance. This doctrine adequately serves Defendants' right to notice.

### IV.   Statement of Law on the Effect of Bill of Particulars.

Both Defendants and the Government have requested a statement of law explaining the effect of the Bill of Particulars on the Government's case.

Accordingly, **IT IS** on this 8th day of September 2020 **ORDERED** that:

The Bill of Particulars, as an extension of the Indictment, functions to limit the Government's case to the allegations contained within these two charging instruments. By wedding the Government to a particular version of the facts, the Bill of Particulars provides additional notice to Defendants that may not have been available in the Indictment. Here, the Bill of Particulars clarifies which acts each defendant is accused of committing regarding each property listed in the Indictment. Accordingly, it will serve as a guide for evidentiary rulings, justifying the exclusion of evidence introduced to prove allegations against either defendant if those allegations are listed in the Bill of Particulars as committed by another person. In this way, the Court will use the Bill of Particulars to prevent prejudicial surprise to Defendants. If the Government fails to prove each element of a charged offense, the evidence will be insufficient as a matter of law—just as it would be if the Government never produced a bill of particulars. The existence of any unproven allegation that may be surplusage in the Indictment or Bill of Particulars will not, in itself, render insufficient the evidence introduced at trial.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE