**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>VICTOR SANTOS. | Criminal Action No. 18-585 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Victor Santos's ("Defendant") request to modify judgment to permit international travel. (ECF No. 310.) The United States of America (the "Government") did not e-file a response to Defendant's request. The Court has considered Defendant's request under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, the request is denied.

**I.   BACKGROUND**

   **A.   Procedural History**

On October 13, 2017, a sealed complaint was filed against Defendant and his co-defendants. (ECF No. 1.) The following week, Defendant appeared before the Court for his initial appearance and bond hearing. (ECF No. 7.) Bond was set at $500,000 and Defendant's travel "[was] restricted to New Jersey" and New York, unless approved by Pretrial Services; Defendant was ordered to surrender all passports and travel documents to Pretrial Services. (ECF Nos. 7, 8.) On September 25, 2018, a grand jury returned a 19-count Indictment against Defendant and his co-defendants. (ECF No. 64.)

On December 5, 2019, Defendant filed an application for permission to enter a Federal Rule of Criminal Procedure[1] 11(c)(1)(C) plea of guilty to Count One of the Indictment, charging him with conspiracy to commit bank fraud. (Minutes of Proceeding, ECF No. 259; Plea Agreement, ECF No. 261.) The Court conditionally accepted the plea and reserved final acceptance of the plea until it reviewed the presentence report. (Minutes of Proceeding.)

Throughout Defendant's pretrial supervision, the Court granted—on eight separate occasions—permission for Defendant to travel internationally to Portugal to see and attend to his mother. (ECF Nos. 58, 99, 189, 236, 250, 273, 277, 286.)

On October 31, 2023, the Court accepted the Rule 11(c)(1)(C) plea during Defendant's sentencing hearing. (J., ECF No. 297; Minutes of Proceedings, ECF No. 303.) Defendant was sentenced to time served with two years of supervised release with special conditions.[2] (*Ibid.*) As part of his supervised release, the Court stated that Defendant was to "submit to the Home Incarceration and comply with the program requirements as directed by the U.S. Probation Office" for a period of twelve months. (J. 3.) The Court ordered that Defendant was to be "restricted to [his] residence 24 hours a day except for medical necessities or other activities specifically approved by the Court." (*Id.*) Finally, Defendant was ordered to pay $470,581.97 in restitution and a fine of $5,500. (*Id.*)

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Criminal Procedure.

[2] The following special conditions were ordered: (1) Location Monitoring Program (12 months); (2) Financial Disclosure; (3) Mental Health Treatment; (4) New Debt Restrictions; and (5) Self-Employment/Business Disclosure. (J. 3-4.)

2

### B. The Instant Motion

On August 9, 2024, Defendant filed correspondence through defense counsel requesting that the Court "allow him to travel to Portugal from on or about August 18, 2024 to on or about September 7, 2024, so that he may visit his elderly (96-year old) mother." (Def.'s Letter, ECF No. 310.) He states that his mother will be celebrating her 97th birthday on August 24. (*Id.* at 1.)

In support of his request, Defendant states that he has "fully complied for some nine months" of the sentence and has "substantial personal and business ties to the New Jersey community" such that he does not pose a flight risk. (*Id.* at 1-2.) Further, Defendant asserts that he always returned on the "precise schedule set by the Court" in all previous eight instances in which the Court granted Defendant's travel requests to Portugal. (*Id.*)

Defendant indicates that "the Probation Office takes no position as to [Defendant's] proposed international travel plans." (*Id.*) Defendant's twelve months of home incarceration will terminate on November 7, 2024.

## II.    LEGAL STANDARD

Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the sentencing court to terminate supervised release "at any time after the expiration of one year of supervised release," if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When reviewing the § 3553(a) factors, the Court need not make specific findings for each factor. *United States v.*

3

*Melvin*, 978 F.3d 49, 52-53 (2020). The Court need only state that it has considered them. *Id.* at 53.

Although the Third Circuit held that § 3583(e)(1) does not require such a finding of new or unforeseen circumstances, it reasoned that, generally, only when new or unforeseen circumstances warrant it will a sentencing judge grant a motion for early termination of supervised release under § 3583(e)(1). *Id.* The Third Circuit has held "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* Importantly, "[d]istrict courts possess broad discretionary authority to modify the terms and conditions of a defendant's supervised release . . . ." *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013).

### III.  DISCUSSION

The Court has considered the § 3553(a) factors and finds that modification of judgment is not warranted here. *Melvin*, 978 F.3d at 52 ("After considering these factors, the court may provide relief only if it is satisfied that [modification] is warranted by the defendant's conduct and is in the interest of justice." (citing 18 U.S.C. § 3583(e)(1))).

In examining the case as a whole and imposing a sentence that was sufficient but not greater than necessary to achieve the goals of sentencing, the Court considered the § 3553(a) factors at the time of sentencing. The Court considered: (1) that the offense conduct took place over 15 years ago; (2) Defendant's family and community ties, also demonstrated by the many character letters submitted on Defendant's behalf; (3) the need for Defendant to fulfill his restitution obligations;

(4) Defendant's mental and emotional condition; and (5) the 11(c)(1)(C) plea stipulated to by the parties. (Sentencing Tr. 45:1-10.) Based on the aforementioned reasons, the Court determined that a time served sentence and supervised release with special conditions—including twelve months of home incarceration—was appropriate in this case. (J.; Minutes of Proceedings.)

While the Court acknowledges Defendant's desire to spend time with his family, the Court finds that without more, modification is not warranted here. *C.f. United States v. Santoro*, No. 21-76, 2022 WL 37471, at *3 (D.N.J. Jan. 4, 2022) ("[Defendant's] desire to spend time with family, although understandable, is insufficient to terminate his supervision."). From July 5, 2018 through August 15, 2023, the Court extended its courtesy and granted Defendant's numerous requests to modify conditions of release to permit travel to allow Defendant to visit his mother and family prior to being sentenced. (ECF Nos. 58, 99, 189, 236, 250, 273, 277, 286.) In placing Defendant on twelve months of home incarceration, however, the Court acknowledged that Defendant would be unable to leave his house to work or to travel internationally. Notably, the Court stated during the sentencing hearing that the Court is "not likely to approve" any requests to visit Portugal during his home incarceration because "it's tantamount to being incarcerated in a prison setting, and the freedoms to travel back and forth in that regard are done." (Sentencing Tr. 50:1-19.) The Court further clarified that Defendant is "not permitted to leave to go to work at all" because "it is the same as if he were to be incarcerated in an institution." (*Id.*)

Moreover, the Court is unaware of any new or unforeseen circumstances that would further support that a modification of judgment is warranted here. In sum, the Court finds its initial

5

sentence appropriate and modification of judgment would not be in the interest of justice. As such, Defendant's Motion is denied.

## IV. ORDER

For the foregoing reasons,

**IT IS**, on this 15th day of August 2024, **ORDERED** that:

1. Defendant's request to modify judgment to permit international travel (ECF No. 310) is **DENIED**.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**